**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  19-cv- 2188-DDD

ANDREW FINKELSTEIN,

      Plaintiff,

v.

CALIX, INC., a Delaware corporation

      Defendant

---

**DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S
COMPLAINT AND JURY DEMAND**

---

Defendant Calix, Inc., by and through its undersigned attorneys, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand ("Complaint") and states as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Andrew Finkelstein is an individual who resides in Douglas County at 9750 Red Primrose Street, Franktown, Colorado, 80116, and has resided in Colorado since June 2016.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies it.

2. Defendant Calix, Inc. ("Calix"), is a Delaware corporation, with its principal place of business at 2777 Orchard Parkway, San Jose, CA 95134.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.   Plaintiff performed his work for Calix over the telephone from his residence and in customer business locations, including businesses in Colorado.

**ANSWER:**   Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.   This Court has jurisdiction over this case because Defendant conducted business within the State of Colorado, and breached its contractual and other legal obligations to Plaintiff within this judicial district at the times referenced in this Complaint.

**ANSWER:**   The allegation that this Court has jurisdiction is a legal conclusion to which no response is required. To the extent a response is required, the Defendant affirmatively states that Paragraph 4 of Plaintiff's Complaint is moot since this case has been removed to federal court, specifically to the United States District Court for the District of Colorado, and therefore denies the allegations in Paragraph 4 of Plaintiff's Complaint.  Defendant denies the remaining allegations in Paragraph 4 of Plaintiff's Complaint.

5.   This Court is the proper venue for this action because Defendant conducted business and breached its contractual and other legal obligations to Plaintiff within this judicial district at the times referenced in this Complaint.

**ANSWER:**   The allegations that this Court is the proper venue is a legal conclusion to which no response is required. To the extent a response is required, Defendant affirmatively states that Paragraph 5 of Plaintiff's Complaint is moot since this case has been removed to federal court,

specifically to the United States District Court for the District of Colorado, and therefore denies the allegations in Paragraph 5 of Plaintiff's Complaint.

## II. FACTUAL ALLEGATIONS

6. Calix is a global provider of cloud and software platforms, systems and services that enable and relate to internet connectivity.

**ANSWER:** Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Plaintiff was employed by Calix as a sales person for approximately fourteen years, ending his employment on August 4, 2017.

**ANSWER:** Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Plaintiff sold Calix products, such as products for the provision of internet over both copper and fiber, that were shipped to Calix customers throughout the country. In 2016, Calix also began to sell certain services to customers throughout the country, such as installation and engineering services. At that time and thereafter, Plaintiff also sold these and other Calix services to Calix customers.

**ANSWER:** Defendant admits Plaintiff sold Calix products, such as products for the provision of internet over both copper and fiber and that Calix sold services, such as installation and engineer services to customers. Defendants also admit Plaintiff sold these and other Calix services to Calix customers. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. While employed at Calix, Plaintiff was eligible to participate in the Calix Sales Compensation Plan because he was at all relevant times employed in a sales position with the company.

**ANSWER:** Defendant admits the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The versions of the Calix Sales Compensation Plan at issue are the 2016 and 2017 Plans which are filed under a protected status as *Exhibit A* (2016 Plan) and *Exhibit B* (2017 Plan).

**ANSWER:** Defendant admits that Plaintiff purports that the versions of the Calix Sales Compensation Plan at issue are the 2016 and 2017 Plans, and has filed both under a protected status as *Exhibit A* (2016 Plan) and *Exhibit B* (2017 Plan).

11. Under both the 2016 and 2017 Plans, Plaintiff was paid a base commission rate specific to him on booked sales (of both products and services) in each of four defined quarters of the year. He was also eligible for increased commission rates (again specific to him) in each quarter on sales that exceeded certain individual quarterly and annual sales targets.

**ANSWER:** Defendant admits that, Plaintiff was eligible for increased commission rates (specific to him) in each quarter on sales that exceeded certain individual quarterly and annual sales targets. Defendant denies the remaining allegations in Paragraph 11 of Plaintiff's Complaint.

12. Under the Plan, "[t]he Sales Compensation Plan Commissions' Structure is based on booked orders as defined by the Calix booking policy."

**ANSWER:** The Calix Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 12 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

13. According to the 2016 Plan, Commissions were to be calculated in the quarter in which the sales were booked in accordance with whatever rate was in effect for Plaintiff at the time of booking (e.g., his base rate or the accelerated rates). The 2016 Plan stated that a percentage of those bookings, referred to as Commissionable Bookings Achievement, would be established and used to derive the level of "incentive compensation earned."

**ANSWER:** The Calix 2016 Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 13 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

14. For commissions on Calix products sold by Plaintiff, the 2016 Plan stated that commissions would be earned in the quarter in which the product shipped.

**ANSWER:** The Calix 2016 Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 14 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

15. For commissions on Calix services sold by Plaintiff, the 2016 Plan did not identify a time at which commissions were earned different from the time they were booked and calculated.

**ANSWER:** The Calix 2016 Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 15 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

16. Calix services are provided continuously once they begin.

**ANSWER:** Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. The 2016 Plan further states that "employees who lose eligibility to participate in the Plan will be paid any incentive compensation earned, under this Plan, at such time that active Participants are paid for the applicable period ...."

**ANSWER:** The Calix 2016 Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 17 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

18. Thus, the 2016 Plan anticipates that commissions will be paid out after eligibility is lost.

**ANSWER:** The Calix 2016 Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 18 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

19. The Calix Sales Compensation Plan was revised for the 2017 calendar year.

**ANSWER:** Defendant admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. While many provisions remain the same (or substantially the same), under the 2017 Plan, Calix clarified how commissions will be treated upon termination of employment:

> In the event of the termination, for any reason, of a Participant's eligibility to participate in this Plan, including the termination of Participant's employment, a Participant is only eligible to earn Incentive Compensation with respect to Bookings on or before the termination of a Participant's eligibility under the Plan ("Termination Date"). No credit will be given for orders that were not Bookings as of the Termination Date, even if such orders were forecasted by a Participant. No credit will be given to a Participant on deals or transactions which are "in progress" or otherwise not earned according to this Plan by the last day of a Participant's employment.

6

**ANSWER:** The Calix Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 20 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

21. The 2017 Plan further states, "[e]mployees who lose eligibility to participate in the Plan will be paid any Incentive Compensation under this Plan, at such time that active Participants are paid for the applicable period, except as otherwise required by applicable law."

**ANSWER:** The Calix 2017 Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 21 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

22. Thus, Calix clarified that a participant is entitled to commissions on all sales booked prior to termination and that he or she will be paid those commissions in accordance with the Plan's payment terms for active participants. To the extent a deal or transaction was in progress but not yet booked, no credit would be given.

**ANSWER:** The Calix Sales Compensation Plan speaks for itself. To the extent the allegations in Paragraph 22 of Plaintiff's Complaint conflict with the document, Defendant denies those allegations.

23. Calix has wrongfully withheld approximately $121,000.00 of commissions earned by Plaintiff, primarily on services sold by Plaintiff and booked in 2016 and 2017 before his employment ended.

**ANSWER:** Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Plaintiff is entitled to those commissions.

**ANSWER:** Defendant denies the allegations contains in Paragraph 24 of Plaintiff's Complaint.

25. Plaintiff has demanded that Calix pay him all commissions owed.

**ANSWER:** Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

26. Calix has failed to pay Plaintiff the commissions owed.

**ANSWER:** Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Plaintiff has been damaged by Calix's conduct.

**ANSWER:** Defendant denies the allegations contains in Paragraph 24 of Plaintiff's Complaint.

### III. STATEMENT OF CLAIMS

### COUNT I
### BREACH OF CONTRACT

28. Plaintiff incorporates by reference, as though specifically set forth, his allegations in paragraphs 1 — 27 of this Complaint.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

29. Plaintiff and Calix entered into an enforceable employment contract.

**ANSWER:** Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Plaintiff performed his contractual obligations under the contract.

**ANSWER:** Defendant denies there was an enforceable employment contract and thereby denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Calix failed to compensate Plaintiff for his services in accordance with the terms of the contract.

**ANSWER:** Defendant denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Calix materially breached its contractual obligations to Plaintiff by failing to adhere to its contractual obligations in determining Plaintiff's commissions.

**ANSWER:** Defendant denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Due to Calix's breach of its contractual obligations, Plaintiff has suffered damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

## COUNT II
## BREACH OF COVENANT OF GOOD FAITH

34. Plaintiff incorporates by reference, as though more specifically set forth, the allegations contained in paragraphs 1 through 33 of the Complaint.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

35. Calix communicated the terms of the Calix Sales Commission Plan to Plaintiff to govern commissions earned in Fiscal Years 2016 and 2017.

**ANSWER:** Defendant admits the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Calix failed to pay Plaintiff commissions and, as a result, defeated his reasonable expectations to payment under the 2016 and 2017 Calix Sales Commission Plans.

**ANSWER:** Defendant denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. By failing to pay Plaintiff for his services in accordance with the terms of the Commission Plans provided to him, Calix breached a covenant of good faith and fair dealing with Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

## COUNT III
## VIOLATION OF COLORADO WAGE ACT

38. Plaintiff incorporates by reference, as though more specifically set forth, the allegations contained in paragraphs 1 through 37 of the Complaint.

**ANSWER:** Defendant incorporates by reference all of its prior factual averments, denials, and defenses.

39. Calix failed to pay Plaintiff wages as defined by the Colorado Wage Act.

**ANSWER:** Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. The commissions identified in this Complaint had been earned by Plaintiff as of the date of his discharge.

**ANSWER:** Defendant denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The commissions identified in this Complaint were vested and determinable as of the date of Plaintiff's termination of employment.

**ANSWER:** Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. After his employment ended, Plaintiff demanded, in writing, payment of the wages from Calix.

**ANSWER:** Defendant admits the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Calix did not pay all wages to Plaintiff as required in Plaintiffs demand for wages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Calix violated its obligations under the Colorado Wage Act.

**ANSWER:** Defendant denies the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Calix's violation of the Wage Act was willful.

**ANSWER:** Defendant denies the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Plaintiff is entitled to recover not only his wages, but also penalties and fees under the Wage Act due to Calix's failure to pay earned, vested and determinable wages to Plaintiff.

**ANSWER:** Defendant denies the allegations contained in Paragraph 46 of Plaintiff's Complaint.

**WHEREFORE**

In response to the WHEREFORE Paragraph following Paragraph 46, Defendant denies Plaintiff is entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

Except as to those matters specifically admitted, Defendant denies each and every matter and thing contained in Plaintiff's Complaint in any of its counts, claims, paragraphs, or at all.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims fail to the extent that they are untimely and/or barred by applicable statutes of limitations.

### THIRD DEFENSE

Plaintiff's claims fail, in whole or in part, to the extent that Plaintiff has failed to utilize any prerequisites to suit and/or damages, including failure to follow the statutory prerequisites under the Colorado Wage Act.

### FOURTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### FIFTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendant treated Plaintiff lawfully and in good faith compliance with all applicable rules, regulations, and laws.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, release and/or unclean hands.

## SEVENTH DEFENSE

To the extent Plaintiff suffered any damages or losses for which he seeks to hold Defendant responsible, those damages or losses were caused in whole or in part by Plaintiff's own acts, conduct, or omissions or the acts, conduct or omissions of third parties.

## EIGHTH DEFENSE

Any special damages Plaintiff seeks that have not been pled with specificity are barred.

Defendant reserves the right to assert such other defenses and affirmative defenses that become available or appear during discovery in this action or otherwise and specifically reserve the right to amend their Answer for purposes of asserting such additional defenses and affirmative defenses.

**WHEREFORE**, Defendant, Calix, Inc., having fully answered Plaintiff's Complaint, respectfully request that this Court enter judgment in its favor as follows:

1. That judgment be entered in favor of Defendant and against Plaintiff and that the Complaint herein be dismissed with prejudice;

2. That Defendant be awarded its costs of suit herein;

3. That Defendant be awarded reasonable attorneys' fees as may be determined by the court; and

4. For such other and further relief as the court may deem just and proper.

Respectfully submitted this 12th day of August, 2019.

14

JACKSON LEWIS P.C.

*s/ Timothy M. Kratz*
Timothy M. Kratz
Kathleen A. O'Grady
950 17th St., Suite 2600
Denver, CO 80202
Telephone:  (303) 892-0404
Fax:  (303) 892-5575
tim.kratz@jacksonlewis.com
kathleen.ogrady@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT CALIX, INC.*

## **CERTIFICATE OF SERVICE**

I certify that on this 12th day of August, 2019, a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND** was filed and served via CM/ECF upon the following:

J. Mark Baird
Beth Doherty Quinn
2036 East 17th Avenue
Denver, CO 80206
JMB@bairdquinn.com
BDQ@bairdquinn.com
303-813-4500

*ATTORNEY FOR PLAINTIFF*

s/ *Savannah Neufer*
for Jackson Lewis P.C.